THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 3:17-cv-00049-MR

| | |
|---|---|
| COSMO OLIPHANT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NANCY A. BERRYHILL, Acting )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 12] and the Defendant's Motion for Summary Judgment [Doc. 13].

## I. PROCEDURAL HISTORY

The Plaintiff, Cosmo Oliphant ("Plaintiff"), filed an application for disability insurance benefits under Title II of the Social Security Act (the "Act") and supplemental security income under Title XVI of the Act, alleging an onset date of May 1, 2008. [Transcript ("T.") at 323]. The Plaintiff's application was denied initially and upon reconsideration. [T. at 183, 194]. Upon Plaintiff's request, a hearing was held on July 13, 2012, before an Administrative Law Judge ("ALJ"). [T. at 214, 160]. On August 3, 2012, the

ALJ issued a decision ("the 2012 ALJ decision") denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the date of his application, July 23, 2010. [T. at 161-173]. The Appeals Council issued a remand order on September 6, 2013, vacating the 2012 ALJ decision and remanding the case for further hearing. [T. at 179-181]. After further hearing, the ALJ issued a decision denying the Plaintiff benefits. [T. at 17-31]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. at 1-6]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, see Richardson v. Perales, 402 U.S. 389, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the Commissioner of any Social Security as to any fact, if supported by

substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III.　THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th

Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable

impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at the fifth step.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the date of his application, July 23, 2010. [T. at 23]. At step two, the ALJ found that the Plaintiff has severe impairments including bipolar disorder, anxiety disorder, personality disorder, poly-substance use disorder, borderline intellectual functioning, and obesity. [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id.]. The ALJ then determined that the Plaintiff, notwithstanding his impairments, has the RFC:

> [T]o perform medium work as defined in 20 CFR 416.967(c) with the following limitations. His work is limited to simple, routine and repetitive tasks but not at a production rate pace; simple work-related decisions; few, if any, changes in the routine work setting; occasional interaction with the public and coworkers; and frequent interaction with supervisors. After an initial 90-day probationary period, claimant would be off task no more than 5% of the time in an 8-hour workday, in addition to normal breaks (with normal breaks defined as a 15-minute morning and afternoon break and a 30-minute lunch break[)].

[T. at 25].

At step four, the ALJ identified that the Plaintiff has no past relevant work, is a younger individual age 18-44, has at least a high school education, and is able to communicate in English. [T. at 29]. At step five, based on the

6

testimony of the VE, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff is capable of performing other jobs that exist in significant numbers in the national economy that he was able to perform, including wiper, marker, and final inspector. [T. at 30]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from July 23, 2010, the date of Plaintiff's application. [T. at 30-1].

## V.  DISCUSSION[1]

The Plaintiff's sole assignment of error on appeal is that the ALJ's "analysis of Listing 12.04 is flawed as it is devoid of reasoning and does not meet the requirements set forth in [Radford v. Colvin, 734 F.3d 288 (4th Cir. 2013)]." [Doc.12-1 at 1, 4-6]. The Plaintiff contends reversal is required because the ALJ failed to discuss whether the Plaintiff's mental limitations met the "Paragraph A" criteria of Listing 12.04. [Docs. 13 at 4-6, 15 at 2-3]. The Defendant, on the other hand, asserts that the ALJ's decision is supported by substantial evidence and reached through the application of correct legal standards. [Doc. 14 at 6-11].

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

Listing 12.04[2] addresses affective disorders, which are "[c]haracterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation." 20 C.F.R. Pt. 404, Subpt. P, App. 1 (12.04). "The required level of severity for these disorders is met when the requirements in both [paragraphs] A and B are satisfied, or when the requirements in [paragraph] C are satisfied." Id. Under Listing 12.04, the "paragraph B" criteria are satisfied when the claimant's affective disorder(s) result(s) in at least two of the following: (1) "[m]arked restriction of activities of daily living" (ADLs); (2) "[m]arked difficulties in maintaining social functioning"; (3) "[m]arked difficulties in maintaining concentration, persistence, or pace" (CPP); or (4) "[r]epeated episodes of decompensation, each of extended duration." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04B.

Here, the ALJ determined that the Plaintiff had the severe mental impairments of bipolar disorder, anxiety disorder, personality disorder, poly substance use disorder, and borderline intellectual functioning. [T. at 23].

---

[2] All mental health Listings, including 12.04, were revised effective January 17, 2017. See Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66138–01, 2016 WL 5341732 (September 26, 2016). However, the Social Security Administration "expect[s] that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions." Id. at n1. As such, the Court applies the regulations in effect at the time of the ALJ's decision.

The ALJ, as relevant here, reviewed whether those disorders met Listing 12.04, specifically discussing the criteria for paragraphs B and C. [T. at 23-5].³ In so discussing, the ALJ found that the Plaintiff did not meet paragraph B or paragraph C for Listing 12.04. [Id.]. The Plaintiff does not challenge the ALJ's findings in that regard, but argues that the ALJ erred in failing to address the requirements of paragraph A of Listing 12.04, which he contends that he satisfies.

Admittedly, the ALJ did not discuss the elements of paragraph A of Listing 12.04. However, because the ALJ found that the Plaintiff did not meet the criteria of paragraphs B or C for Listing 12.04, the Plaintiff could not be deemed disabled even if paragraph A were met. See Nations v. Colvin, No. 1:14cv190-MOC, 2015 WL 1893655, at *6 (W.D.N.C. Apr. 27, 2015) (quoting Sullivan v. Zebley, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.")). As such, remand is not required. See Robey v. Commissioner of Social Security, No. 6:14-CV-29, 2016 WL 1065830, at *3 (W.D. Va. Mar. 16, 2016) (holding that where an ALJ

---

³ As the paragraph B criteria of Listing 12.04 is identical to paragraph D of Listing 12.05, see 20 C.F.R. Pt. 404, Subpt. P., App. 1, §§ 12.04B, 12.05D, the ALJ discussed them in combination. [T.23–24].

9

determines the criteria of paragraphs B and C for Listings 12.04, 12.06, and 12.09 are not met, any error by ALJ not discussing paragraph A of those Listings is harmless); see also Nations, 2015 WL 1893655, at *6 (holding that where an ALJ determines the criteria of paragraphs B and C for Listing 12.02 are not met, the ALJ has no duty to analyze the paragraph A criteria of that Listing).

Plaintiff's assignment of error, therefore, is without merit.

**O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 12] is **DENIED**; the Defendant's Motion for Summary Judgment [Doc. 13] is **GRANTED**; the decision of the Commissioner is **AFFIRMED**; and this case is hereby **DISMISSED**. A judgment shall be entered contemporaneously herewith.

**IT IS SO ORDERED.**

Signed: March 16, 2018

Martin Reidinger
United States District Judge